UNITED STATES of America,
Plaintiff–Appellee,

v.

Enrique ARAUJO–VELARDE,
Defendant–Appellant.

No. 13–50394.

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2014.*

Filed May 22, 2014.

Ryan A. Sausedo, Bruce R. Castetter, Assistant U.S., Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

James Fife, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: CLIFTON, BEA, and WATFORD, Circuit Judges.

MEMORANDUM **

Enrique Araujo–Velarde appeals from the district court's judgment and challenges the 48–month sentence imposed following his guilty-plea conviction for importation of cocaine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Araujo–Velarde contends that the district court legally erred by misapplying the Guidelines and using improper standards and factors to deny his request for a minor role adjustment under U.S.S.G. § 3B1.2(b). We review de novo the district court's interpretation of the Guidelines and for clear error its factual determination that a defendant is not a minor participant. *See United States v. Rodriguez–Castro,* 641 F.3d 1189, 1192 (9th Cir.2011). The record reflects that the court followed the Guidelines by comparing Araujo–Velarde's conduct to that of an average participant, properly considered the totality of the circumstances in making its minor role determination, and did not rely on improper factors. *See* U.S.S.G. § 3B1.2 cmt. n. 3(A), (C); *Rodriguez–Castro,* 641 F.3d at 1192–93. Because Araujo–Velarde failed to establish that he was substantially less culpable than the average participant, the district court did not clearly err by denying the adjustment. *See* U.S.S.G. § 3B1.2 cmt. n. 3(A); *Rodriguez–Castro,* 641 F.3d at 1192–93.

Araujo–Velarde also contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Araujo–Velarde's sentence. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The sentence at the low end of the Guidelines range is substantively reasonable in light of the totality of the circumstances and 18 U.S.C. § 3553(a) sentencing factors. *See id.*

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.